SANDRA R. BROWN
Acting United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
BRADLEY E. MARRETT (Cal. Bar No. 288079)
Assistant United States Attorney
Santa Ana Branch Office
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3505
     Facsimile: (714) 338-3561
     E-mail:    bradley.marrett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 13-00021-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| SUREN GAMBARYAN, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Bradley E. Marrett, hereby files its Opposition to Defendant's Motion for Early Termination of Supervised Release filed on November 9, 2017. (ECF No. 410.)

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

```
Dated: December 11, 2017         Respectfully submitted,

                                 SANDRA R. BROWN
                                 Acting United States Attorney

                                 DENNISE D. WILLETT
                                 Assistant United States Attorney
                                 Chief, Santa Ana Branch Office


                                 /s/
                                 _____
                                 BRADLEY E. MARRETT
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA
```

**TABLE OF CONTENTS**

DESCRIPTION                                                          PAGE

TABLE OF AUTHORITIES..................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...................................1

I.    INTRODUCTION.....................................................1

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY........................2

III.  ARGUMENT.........................................................2

      A.    Defendant Failed to Demonstrate that the Factors under
            18 U.S.C. § 3553(a) Support Early Termination of
            Supervised Release.........................................4

      B.    Defendant is Not Entitled to Early Termination Because
            His Post-Release Conduct Has Not Been Exceptional..........6

IV.   CONCLUSION.......................................................8

# TABLE OF AUTHORITIES

DESCRIPTION                                                              PAGE

**Cases:**

United States v. Emmett,
    749 F.3d 817 (9th Cir. 2014) ..................................... 3

United States v. Flint,
    2014 WL 3966299 (E.D. Cal. Aug. 12, 2014) ....................... 7

United States v. Gross,
    307 F.3d 1043 (9th Cir. 2002) ................................... 3

United States v. Grossi,
    2011 WL 704364 (N.D. Cal. Feb. 18, 2011) ........................ 6

United States v. Hawatmeh,
    2014 WL 11970544 (C.D. Cal. Sept. 19, 2014) ............... 3, 6, 7

United States v. Hilton,
    2014 WL 3728176 (N.D. Cal. July 28, 2014) ....................... 6

United States v. Johnson,
    529 U.S. 53 (2000) .............................................. 3

United States v. Lewis,
    823 F.3d 1075 (7th Cir. 2016) ................................... 2

United States v. Weber,
    451 F.3d 552 (9th Cir. 2006) ................................. 3, 4

**Statutes:**

18 U.S.C. § 371................................................... 1
18 U.S.C. § 3553............................................ 3, 4, 5
18 U.S.C. § 3583.................................................. 3

**Rules:**

Fed. R. Crim. P. 32.1 ............................................ 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On September 13, 2013, defendant Suren Gambaryan ("defendant") pleaded guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. (ECF No. 230.)  Defendant and several others operated a large check cashing scheme involving fraudulently obtained tax refund checks. (PSR ¶¶ 24-25.) Specifically, defendant and his co-conspirators would steal the identities of individuals and then submit false and fraudulent Form 1040 income tax returns to the Internal Revenue Service. (Id.) Defendant and his co-conspirators would then take the unlawfully obtained refund checks to check cashing businesses and, once the checks were cashed, divide the proceeds amongst themselves. (Id.) In total, defendant received profits totaling $877,163 from this scheme. (Plea Agreement ¶ 10.)  Defendant was sentenced to 18 months' imprisonment to be followed by 36 months of supervised release. (ECF No. 337.)  Now, after completing 31 of those 36 months of supervised release, defendant asks this Court to terminate his supervision because defendant, in essence, simply has been compliant.

Defendant does not meet the requirements for early termination because of his serious role in the offense conduct, which included cashing or arranging to be cashed hundreds of fraudulently obtained tax refund checks.  Additionally, defendant has failed to meet his burden to show that the rarely granted remedy of early termination of supervised release is warranted through changed circumstances such as exceptionally good behavior.  Even complete compliance with the terms of supervised release does not constitute a basis for early termination.  The United States Probation Office ("USPO") also

opposes defendant's Motion to Terminate Supervised Release ("Motion"), see Exhibit 1, and the government agrees with the USPO that defendant's Motion should be denied.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant and his co-conspirators ran a fraudulent tax refund check cashing operation. (PSR ¶¶ 23-48.) In essence, the scheme involved stealing identities of real people, submitting false and fraudulent Form 1040's to the Internal Revenue Service, and then cashing the fraudulently obtained tax refund checks. (PSR ¶¶ 24-25.) During the scheme, defendant met several times with a confidential witness and undercover agent to conduct some of these check cashing transactions, and at one point facilitated providing the confidential witness with false identification documents in an attempt to thwart investigation into the scheme by authorities. (See PSR ¶¶ 29-47.)

For his role in the offense, defendant was charged with and pleaded guilty to conspiracy to defraud the United States. (PSR ¶¶ 2-4.) The Court sentenced defendant to 18 months' imprisonment and three years of supervised release. (ECF No. 337.)

Defendant was released from the custodial portion of his sentence on April 6, 2015. (Ex. 1, USPO Letter.) Defendant has now served 31 months of his sentence of 36 months of supervised release. (Id.) Defendant has not been cited for violating any of the terms of his supervised release and has remained a law-abiding citizen. (Id.)

## III. ARGUMENT

Supervised release helps protect the public and rehabilitate the offender, and it is an important part of a criminal sentence. See United States v. Lewis, 823 F.3d 1075, 1080 (7th Cir. 2016). "It is defendant's burden to establish that he is entitled to the rarely-

2

granted remedy of early termination of supervised release." United States v. Hawatmeh, No. CR 08-00385-VBF-3, 2014 WL 11970544, at *2 (C.D. Cal. Sept. 19, 2014); United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006). No hearing is required to deny such a motion. See Fed. R. Crim. P. 32.1(c) (when modifying conditions of supervised release, "[a] hearing is not required if . . . the relief sought is favorable to the [defendant] . . . ."); Hawatmeh, 2014 WL 11970544, at *2.

The Court has "broad discretion" in deciding whether to grant or deny a motion for early termination of supervised release. United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). A court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a defendant's supervised release term "at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); see also United States v. Johnson, 529 U.S. 53, 60 (2000).[1] As with other sentencing decisions, the Court has a duty to explain its decision should it deny a request for early termination of supervised release. Emmett, 749 F.3d at 820.

---

[1] The factors to be considered are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide defendant with educational or vocational training, medical care, or other rehabilitation; (5) the sentence and sentencing range established for the particular category of offense and category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and (8) the need to provide victims of the offense with restitution. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7); accord United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).

Here, the interest of justice does not support early termination because defendant played a significant role in the underlying offense and his post-release conduct, although compliant, does not rise to a level that would justify early termination.  Defendant has not met his burden, and his motion should be denied.

### A. Defendant Failed to Demonstrate that the Factors under 18 U.S.C. § 3553(a) Support Early Termination of Supervised Release

Defendant has failed to demonstrate that early termination of supervised release is warranted under the relevant factors set forth in 18 U.S.C. § 3553(a).  See Weber, 451 F.3d at 559 n.9.

First, defendant continues to owe a substantial amount of restitution.  Of the $609,692 defendant was ordered to pay, defendant has only paid approximately $3,400 during the term of supervision.  (Decl. of B. Marrett ¶ 2(b).)  Thus, the need to provide restitution remains significant.

As to "the nature and circumstances of the offense and the history and characteristics of the defendant," the underlying offense involved a well-organized criminal conspiracy.  There were multiple co-conspirators, hundreds of fraudulently obtained and cashed tax refund checks, and equally numerous stolen identities.  (See PSR ¶¶ 23-47.)  The USPO cites the organized nature of defendant's offense as one reason it is declining to recommend early termination of supervision. (See Ex. 1 at 1-2.)

With respect to the need to afford adequate deterrence to future criminal conduct and to protect the public from further crimes that defendant may commit, defendant's role in the underlying offense was significant.  Defendant not only participated in the check cashing portion of the operation, but also attempted to conceal the scheme by

4

facilitating providing the confidential witness with false identification documents when he learned that authorities had begun investigating the confidential witness's check cashing business. (PSR ¶¶ 29-47.)  As such, it is in the public's interest that defendant remain under supervision through the end of his term.  To cut defendant's supervised release term short would erode the deterrent function that supervised release serves.

Many of the remaining factors also do not weigh in favor of termination.  Defendant has failed to present any evidence suggesting that his supervision conditions are impeding his ability to obtain training or other rehabilitative treatment or that early termination of his supervision would avoid unwarranted sentencing disparities.  Defendant acknowledges that he has been able to maintain steady employment in the jewelry business, and his sentence of five years of supervised release was not disproportionate for his crime.

Defendant's principal argument in support of his request for early termination is that the "travel restrictions from supervision" are inhibiting his ability to expand his business.  (ECF No. 410 at 9.)  This argument, however, lacks any support in the record.  In fact, according to the USPO, defendant has never requested permission from the USPO or the Court to travel for his business.  (Decl. of B. Marrett ¶ 2(a).)  Thus, although defendant's future business aspirations are certainly laudable, they do not serve as a basis for early termination.  To the contrary, if defendant believes travel will help him to expand his business, he can, within the terms of his supervision, request permission to do so.

In sum, defendant has failed to meet his burden, and an analysis under the factors set forth in 18 U.S.C. § 3553(a) weighs strongly

against early termination of supervised release.

### B. Defendant is Not Entitled to Early Termination Because His Post-Release Conduct Has Not Been Exceptional

Compliance with the terms of supervision is not a sufficient reason for terminating defendant's supervision early. Mere compliance with the terms of supervised release is what is expected of defendant, not a basis for early termination. See United States v. Grossi, No. CR-04-40127, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011). If compliance alone were sufficient grounds for early termination, "every defendant who avoided revocation for a violation of the terms of supervision would be eligible for early termination." Hawatmeh, 2014 WL 11970544, at *4 (quotations and citation omitted). Instead, "[e]arly termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." Id. at *5 (internal quotation marks omitted).

In his motion, defendant argues that he has been in compliance with all of the terms of his supervision and, therefore, his supervision should be terminated early. For example, defendant argues that he is in compliance with the restitution order as he has been making $100 payments every month. However, defendant's payments are the minimum level of compliance expected of defendant, they are not exceptional. Likewise, although defendant's performance as to the other aspects of his supervision is commendable, those are the actions expected of all members of the community – and all defendants on supervised release – and defendant's behavior does not rise to the level of exceptionally good behavior such that early termination would be appropriate. See, e.g., United States v. Hilton, No. CR 13-172, 2014 WL 3728176, at * 2-3 (N.D. Cal. July 28, 2014) (defendant's

1  "commendable" charitable work and full compliance with terms of
2  probation failed to qualify as exceptionally good behavior); see also
3  United States v. Flint, No. CR 08-288, 2014 WL 3966299, at *2 (E.D.
4  Cal. Aug. 13, 2014) ("[C]ompliance with release conditions,
5  resumption of employment and engagement of family life-are expected
6  milestones rather than a change of circumstances rendering continued
7  supervision no longer appropriate." (internal quotation marks
8  omitted)).

9      In Hawatmeh, for example, defendant moved for early termination
10 of supervised release noting that during "more than two years of
11 post-imprisonment supervised release, he has fully complied with all
12 conditions of release, has passed all drug tests, has not even been
13 investigated for any further crimes since the underlying 2006
14 conduct, and has lived as a law-abiding citizen for the past eight
15 years[.]"  2014 WL 11970544, at *2.  Hawatmeh also argued that being
16 on supervised release interfered with his ability to find work and
17 that "he has a large and supportive family."  Id.  Although the
18 record reflected that Hawatmeh fully complied with the terms of his
19 supervised release, the court denied his motion, holding that as a
20 matter of law, "defendant's compliance with the terms of his
21 supervised release alone cannot constitute a basis for terminating
22 supervision early."  Id. at *3.

23     Defendant has failed to meet his burden of showing that early
24 termination of supervised release is warranted through changed
25 circumstances, such as exceptionally good behavior.  Defendant's
26 compliance with the terms of supervised release is commendable but is
27 also what is expected of defendant.  The Court should therefore deny
28 his motion.

7

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion.